UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN P. MOORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:05cv1177 CDP |
| ) | TCM |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The 28 U.S.C. § 2254 petition of Shawn P. Moore ("Petitioner"), a Missouri prisoner, for federal habeas corpus relief is before the undersigned United States Magistrate Judge for a review and a recommended disposition. See 28 U.S.C. § 636(b).

## Background

Petitioner pled guilty in October 2003 to a reduced charge of attempted first degree statutory sodomy[1] and was sentenced pursuant to Mo.Rev.Stat. § 559.115[2] the following month to a seven-year term of imprisonment. (Pet. Exs. A, B; Resp. Ex. at 9.) He did not appeal or seek post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 (permitting a person convicted of a felony on a guilty plea to challenge conviction and

---

[1] Petitioner was originally charged with statutory rape and first degree sodomy. (Resp. Ex. A at 10.)

[2] Section 559.115 permits the trial court to grant probation to a defendant within 120 days after his or her delivery to the department of corrections. When considering such, "[t]he court may request information and a recommendation from the department concerning the offender and such offender's behavior during the period of incarceration." Mo.Rev.Stat. § 559.115.2.

sentence on state or federal constitutional grounds), although he was advised of his rights to do so. (Pet. ¶¶ 10-11; Pet. Ex. B at 2.) In February 2004, "upon consideration of the Institutional Report," Petitioner was denied release under § 559.115. (Pet. Ex. C.) His attorney's motion for reconsideration was denied. State v. Moore, No. 16CR03000824 (Mo.Cir.Ct. Mar. 9, 2004) (https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited July 17, 2008)).

On September 20, 2004, Petitioner filed a state habeas corpus petition in the Twenty-Fourth Circuit Court for the State of Missouri. Moore v. Luebbers, No. 04CV614313 (https://www.courts.mo.gov/casenet/cases/searchDockets.do) (last visited July 17, 2008)). The court denied relief, finding that:

> Petitioner claims his counsel and the Court had an obligation to advise Petitioner regarding the collateral consequences of his plea relating to potential civil commitment as a sexual violent predator. The Court finds that Petitioner had a remedy to address this issue in a post conviction motion pursuant to Rule 24.035 and has waived said claim by failing to bring it therein. Additionally, upon Petitioner's claim, the Court finds that Petitioner has not stated grounds upon which relief can be granted. The Court thus finds that Petitioner is not illegally detained.

(Resp. Ex. A.) Petitioner appealed. (Pet. Ex. D.) It was denied on the grounds that an appeal could not be taken from the denial of a petition for habeas corpus. (Id.)

Petitioner now seeks § 2254 relief on the grounds that his constitutional rights were violated by (1) the trial court's failure to inform him on the record that he stood the risk of an indefinite, involuntary civil commitment due to the nature of the offense and (2) his trial counsel failed to inform him of the possibility of such commitment. (Pet. at 6-7.)

Respondent argues that the grounds are procedurally barred by Petitioner's failure to present them to the state courts in a Rule 24.035 motion and, alternatively, are without merit because the possibility of a civil commitment is a collateral consequence of his guilty plea and need not be disclosed.

## Discussion

Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See **Baldwin v. Reese**, 541 U.S. 27, 27 (2004); **Gray v. Netherland**, 518 U.S. 152, 161 (1996); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991).

> "Because it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation, federal courts apply the doctrine of comity, which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter.

**Id.** at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). See also **Weeks v. Bowersox**, 119 F.3d 1342, 1349-50 (8th Cir. 1997) (en banc) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court.").

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims

in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." **Coleman**, 501 U.S. at 732.

In Missouri, a Rule 24.035 motion is the exclusive remedy to challenge a guilty plea on federal constitutional grounds. **Weeks**, 119 F.3d at 1347; **Duvall v. Purkett**, 15 F.3d 745, 746 (8th Cir. 1994). If, as in the instant case, a direct appeal was not taken, a Rule 24.035 motion must be filed within 180 days of the date the defendant is delivered to the department of corrections. Mo.S.Ct.R. 24.035(b). Clearly, Petitioner was delivered to the department of corrections before February 2004 when the trial court received a report on him from the department.

Petitioner did raise his instant claims in a Rule 91 petition. This petition was denied on the grounds of a state procedural bar, i.e., the claims should have been raised in a Rule 24.035 motion. "The question is not whether the state court *could have relied* on the state procedural bar to reject the federal constitutional claim, but instead whether the court *actually relied* on the procedural bar as an independent basis for its disposition of the case." **Middleton v. Roper**, 455 F.3d 838, 856 (8th Cit. 2006). Moreover, the procedural rule that creates the bar must be "firmly established, regularly followed, and readily ascertainable." **White v. Bowersox**, 206 F.3d 776, 780 (8th Cir. 2000). Ten years before Petitioner's conviction, the Missouri Supreme Court held that its Rule 91may be used to challenge a conviction "after an individual's failure to pursue appellate and post-conviction remedies *only* to raise jurisdictional issues or in circumstances so rare and exceptional that a manifest injustice results." **State ex rel. Simmons v. White**, 866 F.W.2d 443, 446 (Mo.

1993) (en banc). Therefore, Simmons' attempt to use a state habeas corpus petition to challenge as unconstitutional his conviction following a guilty plea did not remedy the procedural default resulting from his failure to present his claims in a Rule 24.035 motion. **Id.** This procedural rule precluding a Rule 91 petition being used as a substitute for a timely-filed post-conviction motion has since been regularly followed. See **Anderson v. White**, 32 F.3d 320, 321 n.2 (8th Cir. 1994) (noting that, under Missouri law, Rule 91 petitions do not resurrect procedurally defaulted claims challenging guilty plea); **O'Neal v. Delo**, 44 F.3d 655, 658 (8th Cir. 1995) (same holding applied to challenge to conviction following jury trial); **Pilkerton v. Groose**, 30 F.3d 1009, 1010 n.2 (8th Cir. 1994) (same holding applied to constitutional challenges to guilty plea). Thus, "a Rule 91 petition does not remove a prior procedural default." **Burns v. Gammon**, 173 F.3d 1089, 1091 n.3 (8th Cir. 1999).

Petitioner argues in his traverse that there was no default because he was not aware that he would not receive probation until 120 days after he began his sentence and this was 30 days too late for the filing of a Rule 24.035 motion.[3] The 90-day period cited by Petitioner for filing such a motion applies only when an appeal is taken, however, see

---

[3]Petitioner also argues in his traverse that the trial court's representation that he would receive probation rendered his plea involuntary and that the factual predicate for this claim was not known until after the filing period for a Rule 24.035 motion ended. Even were this claim to be timely presented in this proceeding, see 28 U.S.C. § 2244(d)(1)(D) (providing for a one-year statute of limitations that would began to run when factual predicate for claim could have been discovered), it would be procedurally barred for the same reasons set forth as to the claims presented in his § 2254 petition.

Mo.S.Ct.R.24.035(b), and he did not appeal. The trial court denied Petitioner release on probation on February 9, 2004 – 82 days after sentencing. Even if Petitioner had been delivered to the department of corrections the same day he was sentenced, November 19, 2003, he had until May 17, 2004 – 98 days after the denial of probation – by which to file his Rule 24.035 motion.

For the foregoing reasons, Petitioner's failure to file a Rule 24.035 motion results in a procedural default. See **Weeks**, 119 F.3d at 1350; **Forest v. Delo**, 52 F.3d 716, 719-20 (8th Cir. 1995). "'Out of respect for finality, comity, and the orderly administration of justice, a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Dretke v. Haley, 541 U.S. 386, 388 (2004)). "'This rule is nearly absolute, barring procedurally-defaulted petitions unless a habeas petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or show actual innocence.'" **Id.** (quoting Reagan v. Norris, 279 F.3d 651, 652 (8th Cir. 2002)).

"'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" **Greer v. Minn.**, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). Petitioner has not established cause for his default. As noted above, he had several months after being denied probation, the event that he alleges is determinative of when the time period for

initiating a state post-conviction proceeding should run,[4] within which to file his Rule 24.035 motion and did not. If a petitioner fails to show cause, the question of prejudice need not be addressed. **Cagle**, 474 F.3d at 1099.

Petitioner's defaulted ground may be reached on its merits absent a showing of cause for his procedural default if he offers new evidence to show actual innocence. See **Id.**; **Abdi v. Hatch**, 450 F.3d 334, 338 (8th Cir. 2006). He does not.

Even were Petitioner's § 2254 claims not to be procedurally barred, they would be without merit. The factual predicate of each of the two claims is that Petitioner was not informed or cautioned that his guilty plea could result in his civil commitment as a sexually violent predator.

"[A] plea of guilty entered by one fully aware of the direct consequences" is constitutionally valid "unless induced by threats . . . , misrepresentation . . ., or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." **Brady v. United States**, 397 U.S. 742, 755 (1970) (first alteration in original) (internal quotations omitted). It is undisputed that Petitioner was not advised of the possibility of a future civil commitment as a sexually violent predator when he pled guilty. What is disputed is the effect of that omission on the constitutionality of his plea.

---

[4]Indeed, the denial of probation is the only event between Petitioner's sentencing and the filing of his Rule 91 petition four months after the deadline for filing a timely Rule 24.035 motion.

Under Missouri law, a "sexually violent predator" is "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secured facility *and* who . . . [h]as pled guilty or been found guilty . . . of a sexually violent offense."[5]  Mo.Rev.Stat. § 632.480(5) (emphasis added).  This use of "makes" requires that the person presently be a danger to society if released.  **Murrell v. State**, 215 S.W.3d 96, 104 (Mo. 2007) (en banc).

Attempted first degree sodomy is a sexually violent offense.  Mo.Rev.Stat. § 632.480(4).  Also under Missouri law, the attorney general and a multidisciplinary team established by statute are to be given notice within 360 days prior to the anticipated release from a correctional center of a person convicted of a sexually violent offense.  Mo.Rev.Stat. § 632.483.1.  Within 30 days of receiving such notice, the team is to assess whether the person meets the definition of a sexually violent predator and is to notify the attorney general of its assessment.  Mo.Rev.Stat. § 632.483.4.  The records of that person are then reviewed by a five-member prosecutors' review committee.  Mo.Rev.Stat. § 632.483.5.  Upon receipt of the notice, the attorney general "may file a petition for detention and evaluation" with the appropriate probate court requesting that the person be detained for evaluation for up to nine days.  Mo.Rev.Stat. § 632.484.1.  The probate court then may order the person transported to a secure facility to be evaluated by a psychiatrist

---

[5] Petitioner's argument that there is more than a possibility that he be civil committed after his release from prison because the statute requires that commitment proceedings be initiated based on his guilty plea to a sexually violent offense ignores the first part of the statute requiring that he currently be found to be "more likely than not to engage in predatory acts of sexual violence if not confined in a secured facility."  Mo.Rev.Stat. § 632.480(5).

or psychologist for a determination whether he or she meets the definition of a sexually violent predator. Mo.Rev.Stat. § 632.484.3. Should the psychiatrist or psychologist so find, and the prosecutors' review committee concur, the attorney general may initiate proceedings in the probate division which lead to a probable cause hearing and trial on the question whether the person is a sexually violent predator. Mo.Rev.Stat. §§ 632.483-.692. These proceedings are "civil in nature." **Elliott v. State**, 215 S.W.3d 88, 93 (Mo. 2007) (en banc).

The Missouri courts have held that "the possibility of a civil commitment under [Mo.Rev.Stat. §§ 682.480-.513] is a collateral consequence to a movant's guilty plea." **Carter v. State**, 215 S.W.3d 206, 209 (Mo.Ct.App. 2006). Accord **Morales v. State**, 104 S.W.3d 432, 435 (Mo.Ct.App. 2003). Such commitment is neither "an automatic [n]or definite result following a guilty plea to any sexually violent offense." **Carter**, 215 S.W.3d at 209 (citing Morales, 104 S.W.3d at 435). It is also not an immediate consequence of a guilty plea. **Id.** In *Morales*, the Missouri appellate court held that counsel had to inform a defendant of the direct consequences of a guilty plea, but not the collateral consequences. 104 S.W.3d at 435. The failure to advise a defendant of collateral consequences could not "rise to the level of constitutionally ineffective assistance of counsel." **Id.** In *Carter*, the Missouri appellate court held that a plea court did not have an obligation under either Mo.S.Ct.R. 24.02 (outlining what a plea court must advise a defendant of prior to accepting his or her plea of guilty) or due process to advise

a defendant of the *possibility* of a civil commitment as a sexually violent predator. 215 S.W.3d at 209-11.

The holdings in *Carter* and *Morales* about the necessity that a defendant be advised of the collateral consequences of the possibility of a future civil commitment are consistent with those of the Eighth Circuit Court of Appeals. For instance, in **George v. Black**, 732 F.2d 108 (8th Cir. 1984), the court held that "the accused need only be informed of the 'direct consequences' of the guilty plea" and that "[i]t is not necessary to attempt to inform the defendant of all the indirect or collateral consequences." **Id.** at 110 (quoting Brady, 397 U.S. at 755). "The distinction between 'direct' and 'collateral' consequences of a plea . . . turns on whether the result represents a definite, immediate and largely automatic effect on the range of defendant's punishment." **Id.** (internal quotations omitted). The defendant had pled nolo contendere to attempted sexual assault on a child (Petitioner pled guilty to placing his hands on child's genital area) (Resp. Ex. A at 18), and had been advised of the possible sentence and fine. **Id.** He had not been advised that he would be subjected under Nebraska law to a mental health commitment proceeding after his release from the penitentiary. **Id.** The district court rejected his habeas argument that his guilty plea was involuntarily entered, finding that the mandatory mental health proceedings were collateral consequences because, although the proceedings were mandatory, commitment was not. **Id.** at 110-11. The Eighth Circuit agreed, noting that its precedent required that the consequences of a guilty plea "involve some effect on the range of the defendant's punishment" to be considered direct. **Id.** at 111. See also **United**

**States v. Lewis**, 519 F.3d 822, 825 (8th Cir. 2008) (district court did not violate Fed.R.Crim.P. 11 by failure to notify defendant at change of plea hearing that he could be sentenced to additional supervised release terms or to imprisonment if he violated conditions of subsequent terms because such possibilities were "collateral consequences of original sentence rather than predictable eventualities"); **Whitepipe v. Weber**, 536 F.Supp.2d 1070, 1086 (D. S.D. 2007) (trial court's and trial counsel's failure to advise defendant of state requirement that he would have to register as sex offender did not deprive him of his constitutional rights because registration was collateral consequence of guilty plea); **Keene v. Ault**, No. C03-1041-MWB, 2205 WL 1177905, *16 (N.D. Ia. May 16, 2005) (failure of trial court or trial counsel to advise defendant pleading guilty that he might be subject to civil commitment proceedings as sexually violent predator did not violate his constitutional rights; civil commitment proceedings – initiated only after committee review and only by attorney general's office – were collateral consequence of plea).

## Conclusion

For the foregoing reasons, Petitioner's § 2254 claims are procedurally barred and, alternatively are without merit. Accordingly,

**IT IS HEREBY RECOMMENDED** that the 28 U.S.C. § 2254 petition of Shawn P. Moore be **DENIED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless

an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.  See **Griffini v. Mitchell**, 31 F.3d 690, 692 (8th Cir. 1994).

                                      /s/ Thomas C. Mummert, III
                                      THOMAS C. MUMMERT, III
                                      UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of July, 2008.